J-S46023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES JOHNSON | |
| Appellant | No. 245 MDA 2014 |

Appeal from the PCRA Order December 31, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005140-2001

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 09, 2014**

James Johnson appeals from the order of the Court of Common Pleas of Berks County dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm based on the well-reasoned opinion of the Honorable Scott D. Keller.

Judge Keller ably summarized the facts of this case as follows:

Following a jury trial, [Johnson] was found guilty of one (1) count of Murder of the Second Degree, two (2) counts of Aggravated Assault, one (1) count of Recklessly Endangering Another Person, one (1) count of Robbery, one (1) count of Possessing Instrument of Crime, and related conspiracy counts on November 19, 2002.  On December 9, 2002, the Court sentenced [Johnson] to life imprisonment based upon the application of the mandatory sentence found in 18 PA. CONS. STAT. § 1102(B).  The [c]ourt also sentenced [Johnson] to serve

---

[1] 42 Pa.C.S. §§ 9541-9546.

no less than six (6) to no more than twelve (12) months on the Possessing an Instrument of Crime count to be served concurrently with [Johnson's] life sentence. The [c]ourt also sentenced [Johnson] to a consecutive term of no less than five (5) to no more than ten (10) years on the Conspiracy to Commit Robbery count. [Johnson] appealed, and the Superior Court of Pennsylvania affirmed [Johnson's] judgment of sentence on November 10, 2003.

On November 15, 2004, [Johnson] filed his first *pro se* PCRA petition. The [c]ourt appointed Gail Chiodo, Esquire, on November 18, 2004 to represent [Johnson] in his PCRA proceedings. After PCRA counsel's review of the petition and the record, Attorney Chiodo filed a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). PCRA counsel advised that, in her professional judgment, [Johnson] was not eligible for relief under the PCRA. After an independent review of [Johnson's] PCRA petition and the record, the [c]ourt permitted Attorney Chiodo to withdraw and issued an Order and Notice of Intent to Dismiss (hereinafter "ONID") on February 28, 2005. The [c]ourt dismissed [Johnson's] first PCRA petition on March 31, 2005. [Johnson] appealed from the [c]ourt's order dismissing his PCRA petition. The Superior Court affirmed the dismissal on June 5, 2006.

On August 14, 2006, [Johnson] filed his second *pro se* PCRA petition. The [c]ourt issued its ONID on September 1, 2006, and dismissed [Johnson's] second PCRA petition on Noember 28, 2006. [Johnson] again appealed from the [c]ourt's order dismissing his PCRA petition. However, [Johnson's] appeal was dismissed by the Superior Court on May 16, 2007, based on his failure to file an appellate brief.

PCRA Court Opinion, 3/14/14, at 3-4.

On July 22, 2013, Johnson filed his third *pro se* PCRA petition. Following review of the record and Johnson's petition, the court issued an ONID on December 3, 2013, ultimately dismissing the petition on December 31, 2013. Johnson filed his notice of appeal on February 4, 2014. By order of the court, Johnson filed his concise statement of errors complained of on

appeal on February 20, 2014. The PCRA court issued its Rule 1925(a) opinion on March 14, 2014.

We discern Johnson's issue on appeal to be that the PCRA court erred in dismissing his petition as untimely because the exception for newly discovered facts applies. We disagree and conclude that the PCRA court properly dismissed Johnson's petition for lack of jurisdiction.

In reviewing an order denying PCRA relief, our standard of review is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Johnston,* 42 A.3d 1120, 1126 (Pa. Super. 2012) (internal citations omitted).

> With respect to jurisdiction under the PCRA, this Court has stated:
>
> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (citations omitted).

The PCRA court correctly determined that Johnson's third PCRA petition is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1). Johnson's judgment of sentence became final thirty days after this Court affirmed it on

November 10, 2003, as he sought no further appellate review. Accordingly, the period for the filing of a PCRA petition expired on December 10, 2004.

We also agree with Judge Keller's conclusion that Johnson failed to prove that the timeliness exception relating to newly discovered evidence applies. *See* 42 Pa.C.S. § 9545(b)(1)(ii). Rather, all of the facts contained in Johnson's PCRA petition were known to him at trial, or shortly thereafter, and could have been asserted in his first PCRA petition.

After reviewing the parties' briefs, the record, and the relevant case law, we conclude that Judge Keller's well-reasoned opinion thoroughly and properly disposes of the question of ineffective assistance of counsel. Accordingly, we affirm on the basis of the PCRA court's opinion, which counsel should attach in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2014

- 4 -

COMMONWEALTH OF : IN THE COURT OF COMMON PLEAS
PENNSYLVANIA : OF BERKS COUNTY, PENNSYLVANIA

v. : CRIMINAL DIVISION

JAMES JOHNSON : No.   5140-2001
. Defendant : KELLER, Judge

## MEMORANDUM OPINION, S.D. Keller, J. March 14, 2014

### PROCEDURAL HISTORY

On July 22, 2013, the Defendant filed his third *pro se* Post Conviction Relief Act

(hereinafter "PCRA") petition. After reviewing the record and the Defendant's *pro se* PCRA

petition, the Court issued an ORDER AND NOTICE OF INTENT TO DISMISS (hereinafter

"ONID") on December 3, 2013. The Court then dismissed the Defendant's PCRA petition on

December 31, 2013.[1]

On February 4, 2014,[2] Defendant filed his Notice of Appeal from the Court's order

dismissing his PCRA petition. The Court ordered the Defendant on February 7, 2014, to file a

Concise Statement of the Errors Complained of on Appeal, pursuant to Pennsylvania Rule of

Appellate Procedure 1925(b). Defendant timely filed his CONCISE STATEMENT on February

20, 2014, along with a request for transcription of the 2002 trial proceedings. The following are

*verbatim* Defendant's alleged errors on appeal:

1. The Petitioner argues a Sixth Amendment violation of trial abandoned the
defendant final direct appeal rights to the Supreme Court of Pennsylvania.

---

[1] Defendant filed an OBJECTION TO THE JUDGE [SIC] NOTICE OF INTENTION TO DISMISS on January 2, 2014. The Court did not consider this untimely filing. The Court's ONID was filed on December 3, 2013, and directed the Defendant to file a response within twenty (20) days. Therefore, the Defendant's response was due by December 23, 2013. Even taking into account the Prisoner's Mailbox Rule, the Defendant's response was not dated until December 28, 2013, and was, therefore, untimely. However, even if the Court had considered the Defendant's response as timely, nothing in that filing would have altered the Court's opinion that the Defendant's PCRA petition was untimely and that he had failed to prove that any of the exceptions applied.

[2] Defendant's Notice of Appeal was filed outside of the thirty (30) day period provided for in Pennsylvania Rule of Appellate Procedure 903(a). However, taking into account the Prisoner's Mailbox Rule and the fact that Defendant's Notice of Appeal was dated January 27, 2014, the Court will consider this filing timely.

1

EXHIBIT (A)

2. The trial Court violated the defendant Fourteenth Amendment of the equal protection rights. by have only one Black American qualified for jury service. and later re-moving the one black American. the petitioner argues he was sentenced by a all-white jury.

3. The defendant also claim that the Court violated his due process rights to have a (PSI) done on his back-ground life history before sentencing.

## DISCUSSION

The Court meaningfully addressed the Defendant's PCRA petition in our ONID dated December 3, 2013, a copy of which is attached to this Opinion. We incorporate said order into this Opinion as though the same were set forth fully herein. The Court believes that the Defendant's PCRA petition was untimely filed and that the Defendant failed to prove that one of the exceptions set forth in 42 PA. CONS. STAT. § 9545(b)(1)(i)-(iii) applied. None of the Defendant's alleged errors on appeal address the timeliness of his PCRA petition. Furthermore, because the Court dismissed the Defendant's PCRA petition on purely legal grounds, the transcripts which the Defendant requested are unnecessary for the disposition of this appeal.

Therefore, based on all of the reasons set forth in this Court's ONID dated December 3, 2013, we respectfully request that Defendant's appeal be **DENIED**.

BY THE COURT:

Scott D. Keller, Judge

2

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF BERKS COUNTY, PENNSYLVANIA

v. : CRIMINAL DIVISION

: No. 5140-01
JAMES JOHNSON : Assigned to: Keller, J.

## ORDER AND NOTICE OF INTENT TO DISMISS

AND NOW, this 3rd day of December 2013, notice is hereby given by the Honorable

Scott D. Keller of his intention to dismiss the Defendant's *pro se* third petition for relief under

the Post Conviction Relief Act (hereinafter "PCRA"), 42 PA. CONS. STAT. § 9541 et seq.,

pursuant to Pennsylvania Rule of Criminal Procedure 907. After careful review of the PCRA

petition and the record, the Court concludes that it is without jurisdiction to hear the substantive

claims raised by the Defendant as the petition was untimely filed and Defendant has failed to

plead and prove that one of the statutory exceptions set forth in 42 PA. CONS. STAT. §

9545(b)(1)(i)-(iii) applies. *Commonwealth v. Dickerson*, 900 A.2d 407, 410 (Pa. Super. 2006).

## PROCEDURAL HISTORY

Following a jury trial, Defendant was found guilty of one (1) count of Murder of the

Second Degree,[3] two (2) counts of Aggravated Assault,[4] one (1) count of Recklessly

Endangering Another Person,[5] one (1) count of Robbery,[6] one (1) count of Possessing an

Instrument of Crime,[7] and related conspiracy[8] counts on November 19, 2002. On December 9,

2002, the Court sentenced the Defendant to life imprisonment based upon the application of the

mandatory sentence found in 18 PA. CONS. STAT. § 1102(b). The Court also sentenced the

Defendant to serve no less than six (6) to no more than twelve (12) months on the Possessing an

---

[3] 18 PA. CONS. STAT. § 2502(b).
[4] 18 PA. CONS. STAT. § 2702(a)(1), 2702(a)(4).
[5] 18 PA. CONS. STAT. § 2705.
[6] 18 PA. CONS. STAT. § 3701 (a)(1)(i).
[7] 18 PA. CONS. STAT. § 907(a).
[8] 18 PA. CONS. STAT. § 903(a)(1).

3

Instrument of Crime count to be served concurrently with Defendant's life sentence. The Court also sentenced Defendant to a consecutive term of no less than five (5) to no more than ten (10) years on the Conspiracy to Commit Robbery count. Defendant appealed, and the Superior Court of Pennsylvania affirmed Defendant's judgment of sentence on November 10, 2003.

On November 15, 2004, the Defendant filed his first *pro se* PCRA petition. The Court appointed Gail Chiodo, Esquire, on November 18, 2004, to represent the Defendant in his PCRA proceedings. After PCRA counsel's review of the petition and the record, Attorney Chiodo filed a request to withdraw as counsel, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). PCRA counsel advised that, in her professional judgment, the Defendant was not eligible for relief under the PCRA. After an independent review of the Defendant's PCRA petition and the record, the Court permitted Attorney Chiodo to withdraw and issued an Order and Notice of Intent to Dismiss (hereinafter "ONID") on February 28, 2005. The Court dismissed the Defendant's first PCRA petition on March 31, 2005. Defendant appealed from the Court's order dismissing his PCRA petition. The Superior Court affirmed the dismissal on June 5, 2006.

On August 14, 2006, the Defendant filed his second *pro se* PCRA petition. The Court issued its ONID on September 1, 2006, and dismissed the Defendant's second PCRA petition on November 28, 2006. Defendant again appealed from the Court's order dismissing his PCRA petition. However, the Defendant's appeal was dismissed by the Superior Court on May 16, 2007, based on his failure to file an appellate brief.

Defendant filed the instant petition, his third *pro se* PCRA petition, on July 22, 2013.

## DISCUSSION

4

The PCRA provides collateral relief for persons who have either been convicted of crimes they did not commit or persons who are serving illegal sentences. 42 PA. CON. STAT. § 9542. In order to qualify for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

    (i)    currently serving a sentence of imprisonment, probation or parole for the crime;

    (ii)    awaiting execution of a sentence of death for the crime; or

    (iii)    serving a sentence which must expire before the person may commence serving the disputed sentence.

(2) That the conviction or sentence resulted from one or more of the following:

    (i)    A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

    (ii)    Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

    (iii)    A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

    (iv)    The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

    (v)    Deleted.

    (vi)    The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

5

(vii)    The imposition of a sentence greater than the lawful maximum.

(viii)    A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived

42 PA. CON. STAT. § 9543(a). However, before we may reach the merits of a petition, we must

first determine whether the petition satisfies the PCRA's jurisdictional time restrictions. It is

well settled law that the filing of a PCRA petition is governed by specific time limitations;

namely, "any petition . . . including a second or subsequent petition, *shall be filed within one*

*year of the date the judgment becomes final...*" 42 PA. CON. STAT. § 9545(b)(1) (emphasis

added). "[A] judgment becomes final at the conclusion of direct review, including discretionary

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at

the expiration of time for seeking the review." 42 PA. CON. STAT. § 9545(b)(3). The PCRA

court "may not address the merits of the issues raised if the PCRA petition was not timely filed."

*Commonwealth v. Copenhefer*, 941 A.2d 646, 648-49 (Pa. 2007).

Defendant's instant petition patently exceeds the PCRA time requirements. Defendant

was sentenced on December 9, 2002. Thereafter, he filed an appeal with the Superior Court of

Pennsylvania, and the Superior Court affirmed the Defendant's judgment of sentence on .

November 10, 2003. According to Pennsylvania Rule of Appellate Procedure 1113(a),

Defendant had 30 days from the entry of the Superior Court's order in which to file a Petition for

Allowance of Appeal with the Supreme Court of Pennsylvania, which Defendant did not do.

Therefore, Defendant had one year from December 10, 2003, the date his judgment became final,

in which to file a timely PCRA petition, which he did. However, the Defendant's timely PCRA

petition was dismissed as appointed counsel and this Court both concluded that Defendant was

not entitled to PCRA relief. This Court's dismissal of the Defendant's timely PCRA petition was

6

affirmed by the Superior Court of Pennsylvania on June 5, 2006. Therefore, Defendant's instant *pro se* PCRA petition is untimely as defined by 42 PA. CON. STAT. § 9545(b).

However, under certain statutory exceptions, the PCRA court may entertain the merits of a petition that is untimely filed. In order to qualify for such an exception, a petitioner must plead and prove:

(i).   the failure to raise the claim previously was the result of interference by government officials with presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii).  The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii). The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 PA. CON. STAT. § 9545(b)(1)(i)-(iii). Where a PCRA petition is untimely, the defendant has the burden to plead in the petition and prove that one of the exceptions to the one-year filing requirement exists. *Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa. Super. 2011).

As the Court understands Defendant's instant *pro se* PCRA petition, Defendant asserts that he is entitled to PCRA relief because:

1. Trial counsel was ineffective in choosing and pursuing a defense strategy aimed at a guilty verdict on manslaughter rather than murder.

2. Appellate counsel was ineffective for not filing a Petition for Allowance of Appeal (PAA) with the Supreme Court of Pennsylvania following the Superior Court's order affirming Defendant's judgment of sentence.

3. Defendant's constitutional rights were violated because the jury was not required to find that a sentence of life imprisonment was appropriate.

4. Defendant's constitutional rights were violated because the potential juror panel and jurors were chosen in a racially-discriminatory manner.

7

5. Defendant's constitutional rights were violated because the Court sentenced him without reviewing a pre-sentence investigation (PSI) report.

6. Trial counsel was ineffective for failing to investigate mitigating evidence that may have been useful at sentencing.[9]

The Defendant argues that the PCRA Court may consider the merits of his untimely PCRA petition because the exceptions found in § 9545(b)(1)(ii), relating to newly-discovered facts, and § 9545(b)(1)(iii), relating to a newly-recognized constitutional right, apply.[10] The Defendant directs the Court to three recent cases from the United States Supreme Court: *Trevino v. Thaler, McQuiggin v. Perkins,* and *Alleyne v. United States.*

Unfortunately, the Defendant fails to prove that the § 9545(b)(1)(ii) exception applies, because the Defendant asserts no newly-discovered facts in his PCRA petition. All of the facts contained in Defendant's PCRA petition were known to Defendant at trial or shortly thereafter. The facts which form the basis of Defendant's PCRA claims, summarized by the Court above, were known by the Defendant and could have been asserted in his first PCRA petition filed in November 2004. The only new matters contained in Defendant's PCRA petition are the recently-decided opinions of the United States Supreme Court. However, the Supreme Court of Pennsylvania has determined that a newly-decided judicial opinion does not amount to a new "fact" for the purposes of § 9545(b)(1)(ii). *Commonwealth v. Watts,* 23 A.3d 980, 986-87 (Pa. 2011). Thus, the Defendant has failed to prove that § 9545(b)(1)(ii) applies allowing this Court to consider the merits of Defendant's untimely PCRA petition.

---

[9] The Defendant's PCRA claims are summarized by the Court in an attempt to give clarity to Defendant's *pro se* filing.

[10] Defendant's PCRA petition does not make any argument that the exception found in § 9545(b)(1)(i), relating to governmental interference, applies.

8

The Defendant also fails to prove that the § 9545(b)(1)(iii) exception applies, because none of the recent United States Supreme Court opinions cited by Defendant contain a new constitutional right that has been held to apply retroactively.

In *Trevino*, the Supreme Court held that a *federal habeas court* will not be barred from hearing a substantial claim of ineffective assistance of counsel if a state's procedural framework makes it highly unlikely that a defendant had a meaningful opportunity to raise a claim of ineffective assistance on direct appeal. *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (U.S. 2013) (citing *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (U.S. 2012)). While this Court will not address whether that holding affects Defendant's rights in a federal proceeding, this holding certainly does not create a new constitutional right which would excuse the late filing of Defendant's PCRA petition under § 9545(b)(1)(iii).

In *McQuiggin*, the Supreme Court held that a claim of actual innocence can overcome the one-year statute of limitations for filing a *federal habeas petition*. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-35 (U.S. 2013). Similar to *Trevino*, this holding *may* affect Defendant's rights in a federal proceeding, but it certainly does **not** create a new constitutional right which would allow this Court to consider his untimely PCRA petition under § 9545(b)(1)(iii).

In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' [of the crime] that must be submitted to the jury." *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (U.S. 2013). While this holding does arguably advance a new constitutional right, Defendant has not proven that this right has been held by the Supreme Court to apply retroactively. The Supreme Court did not discuss retroactivity in *Alleyne*, and this Court knows of no other decision which declares the *Alleyne* holding retroactive. Therefore, because Defendant is unable to demonstrate that any new constitutional right recognized by *Alleyne* has

9

been held to apply retroactively, the Court cannot consider the merits of Defendant's untimely PCRA petition under § 9545(b)(1)(iii).

The Defendant's failure to prove that his petition, while untimely, meets an enumerated exception to the one-year filing requirement is a bar to this Court's consideration of any of the substantive arguments advanced by his petition. Because the PCRA time restrictions are jurisdictional and the Defendant has failed to show that his petition meets any of the exceptions, this Court has no jurisdiction to consider the Defendant's petition on the merits.

For all of the foregoing reasons, this Court finds that Defendant's PCRA petition should be **DISMISSED** without a hearing. The Defendant shall have twenty (20) days from the date of this Notice to respond to the proposed dismissal. If this Court receives no response within that time period, an order dismissing Defendant's Motion for Post Conviction Relief will be filed with the Clerk of Courts.

**BY THE COURT:**

_____

**Scott D. Keller, Judge**

10